## McDonough *v.* Barnes, Appellant.

*Mortgages—Execution — Party in possession — Right to assignment of mortgage on payment of amount due.*

A party in possession of mortgaged premises, in the event of execution, cannot demand an assignment of the mortgage upon the tender of the full amount of the mortgage with interest and costs, on the ground that he occupied the premises and paid at times the interest, taxes and repairs. By paying such indebtedness he acquired no lien in the property, and no interest which would entitle him to an assignment.

Argued April 27, 1921. Appeal, No. 154, April T., 1921, by T. C. Barnes, from order of C. P. Allegheny County, July T., 1920, discharging rule to show cause why money should not be paid into court in the case of T. Milner McDonough, now for the use of John A. Meighan, Jr., v. George Barnes, with notice to John J. Gordon, Terre Tenant, and T. C. Barnes. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Affirmed.

Scire facias sur mortgage. Before MACFARLANE, J.

Rule to show cause why money should not be paid into court and plaintiff be ordered to assign judgment to petitioner.

The facts are stated in the opinion of the Superior Court.

The court discharged the rule. T. C. Barnes appealed.

*Error assigned*, among others, was the order of the court.

*A. C. Johnston*, and with him *W. H. Stevenson*, for appellant.—The court has the right to order the assignment of the claim to prevent injustice where payment or a legal tender of the debt has been made: Wunderle v.

Ellis, 212 Pa. 618; Hopkins Mfg. Co. v. Ketterer, 237 Pa. 285.

*Thomas Leggate,* for appellee.

OPINION BY TREXLER, J., July 14, 1921:

A mortgage was given by George Barnes now deceased, on September 9, 1882. In 1907 he conveyed the property covered by the mortgage to Mary C. Barnes. She in turn, January 5, 1920, conveyed to Jennie W. Barnes, and she, March 15, 1920, to John J. Gordon. On the 29th of June, 1920, Meighan, the use-plaintiff, the holder of the mortgage, caused a scire facias to issue and secured judgment thereon December 20, 1920. On January 15, 1921, T. C. Barnes the appellant, presented his petition to the court praying for a stay of execution, for subrogation, and for the assignment of the mortgage to him. In his petition he states that George Barnes, an aged man, had been supported by the petitioner, and his sister, Mary Barnes, for many years, and that in 1907, it was agreed between the children, five in number, of the said George Barnes, that Mary should be appointed "steward" for their father. That he did not learn until 1917, that instead of being made steward, Mary, for a nominal consideration, had received an absolute deed for said property. He further alleges that after the scire facias on the mortgage had been served on him in July, 1920, he tendered to the mortgagee the full amount due on said mortgage together with costs, coupled with a request for an assignment of the same which offer was refused, and that the petitioner from 1901 to 1920 expended $1,761.50 for interest on the mortgage, $748.52 for taxes, and $531.71 for repairs to said property (the items being given). The court declined to make an order directing a transfer of the mortgage, holding that the petitioner did not come under any of the four classes enumerated in the Act of June 24, 1885, P. L. 158, the land not belonging to a minor, nor being held for life,

in trust, or obtained by descent, and it may be added neither had "all parties in interest in the land so encumbered joined in the application." The appellant, however, contends that without the act he has the right to ask for an assignment, citing, Wunderle v. Ellis, 212 Pa. 618; Hopkins Mfg. Co. v. Ketterer, 237 Pa. 285; Dollar Savings Bank v. Duff, 269 Pa. 29. We do not think the appellant is helped by these cases. If one as a lessee or the holder of some junior encumbrance seeks to protect his interest by the purchase of a prior mortgage, he will generally be subrogated to the rights of the senior encumbrance. Such is not the situation now presented. The petitioner gives no good reason showing how his rights are hurt by the sale of the property. The absolute title passed from George Barnes to Mary Barnes. The grantor in that deed was sui juris, and he could do as he pleased with his own. Whatever understanding there was between the children before his death it would seem, would amount to nothing, as they were dealing with something they did not own. Whether this be so, or not, the appellant knew since 1907 that the said deed had been given, and made no attempt to set it aside. When he occupied the premises with his father and sister and paid the interest, taxes and repairs, he acquired no lien on the property and no interest in it, and by securing an assignment of the mortgage he would in law be in no better position as to these items. Whatever object he may have in securing the mortgage, he has not shown anything that would give him any standing before the court.

The order of the lower court is affirmed. Appellant for costs.