# Wunderle, Appellant, *v.* Ellis.

*Mortgage—Landlord and tenant—Subrogation—Tender by tenant of amount of mortgage.*

Where a tenant has covenanted in his lease to pay the interest on an antecedent mortgage, and it appears that the lease has several years to run, and that the mortgaged premises have been so used in connection with other property that a severance would cause great injury, the tenant may, after a suit has been brought on the mortgage when no interest is due, tender the whole amount of the mortgage and demand an assignment thereof.

Argued May 23, 1905. Appeal, No. 12, Jan. T., 1905, by plaintiff, from decree of C. P. No. 4, Phila. Co., June T., 1904, No. 635, refusing a preliminary injunction in case of Philip Wunderle v. David M. Ellis. Before MITCHELL, C. J., FELL, BROWN, POTTER and ELKIN, JJ. Reversed.

Bill in equity for an injunction and to compel the assignment of a mortgage.

The bill averred : that plaintiff was tenant of premises 445–47 New Market street, Philadelphia, under a lease dated July 27, 1899, for a term not to exceed eleven years.

That the owners of said premises (Trouts by name) had exe-cuted a mortgage on said premises, dated December 16, 1895, which had been assigned to defendant (Ellis) March 28, 1904, and a writ of scire facias had been issued in common pleas No. 4 of Philadelphia county, of June Term, 1904, No. 635, and on the same day said premises had been conveyed to one Brown.

That under the terms of said lease, tenant had the right to pay out of the rents, interest on said mortgage, taxes, etc., and had in fact paid the same, and there was due him from the property about $100, on account of over-payments by him.

That said premises had been combined with other premises to form a large plant, and were used for the manufacture of candy by the plaintiff.

That at the time suit was brought on the mortgage no interest was due.

That the plaintiff had tendered the whole amount of debt, interest and costs in said mortgage suit, and requested an assignment of said bond and mortgage, and this was refused.

That plaintiff is willing and ready to pay all of said debt, interest and costs, and a sale of said premises would be of irreparable damage to him.

The bill prayed for an injunction and for an assignment of the mortgage.

*John G. Johnson,* with him *Wm. H. Wood* and *Wm. H. Burnett,* for appellant.—It is submitted that under the circumstances, the tenant is entitled to an assignment of the mortgage upon payment of the whole amount due and costs, that he stands in the position of a surety who is entitled to subrogation and that equity will enforce his rights in restraining execution in the mortgage suit: Hartman v. Quay, 1 Chester Co. Rep., 487; Mosier's App., 56 Pa. 76; Lyon's App., 61 Pa. 15; Keech v. Hall, 1 Doug. 21; Hamilton v. Dobbs, 19 N. J. Eq. 227; Averill v. Taylor, 8 N. Y. 44; Bacon v. Bowdoin, 39 Mass. 401; Arnold v. Green, 116 N. Y. 566 (23 N. E. Repr. 1); Pease v. Egan, 131 N. Y. 262 (30 N. E. Repr. 102).

*W. B. Saul,* with him *E. O. Michener,* for appellee.—A tenant for years has absolutely no equity against a mortgagee merely by virtue of the relationship: Dengler v. Kiehner, 13

Pa. 38; Arna's App., 65 Pa. 72; Ins. Co. v. Roberts, 6 Phila. 516; McDermott v. Burke, 16 Cal. 580; Kerse v. Miller, 169 Mass. 44 (47 N. E. Repr. 504); Holland v. Citizens' Sav. Bank, 16 R. I. 734 (19 Atl. Repr. 654).

If there is nothing in the relationship between a mortgagee and a tenant entitling the tenant to an assignment, is there anything in the special relationship between these particular parties entitling the plaintiff to an assignment?

The only evidence in this case affecting the defendant is the refusal to accept a tender of the debt, interest and costs coupled with the request for an assignment. Is such a refusal evidence of fraud entitling the plaintiff to relief? The authorities are clear that it is not: Jones on Mortgages, sec. 1086; Chase v. Williams, 74 Mo. 429; Forest Oil Co's. App., 118 Pa. 138.

OPINION BY Mr. CHIEF JUSTICE MITCHELL, June 22, 1905:

This is a perfectly clear case for the maintenance of the status quo until final hearing and unless the facts shall then be shown to be essentially different from what they now appear, it will be an equally clear case for payment and subrogation.

The whole right of the defendant as holder of the mortgage is to have his money paid him, and his whole claim on the land is to hold it as security for such payment. When he is offered his money his refusal to take it is persuasive evidence that he is not enforcing his legal rights in good faith but is seeking to use them for some ulterior and inequitable purpose. Even if this were not so the general doctrine of subrogation is that where a party can attain all his legal rights in either of two different ways, a court of equity will compel him to take that which will do the least injury to another having a junior interest in the subject-matter, and if necessary will subrogate the latter to the prior rights.

It is conceded " that a junior mortgagee, judgment creditor, or other encumbrancer who pays off a prior encumbrance in order to protect his own interest in the encumbered estate, will as a general rule be subrogated to all the rights of the senior encumbrancer and if necessary for his protection may compel an assignment of the security." 27 Am. & Eng. Ency. of Law (2d ed.), Subrogation IV, 3, page 243. There is no good reason

why the same relief should not be afforded under similar circumstances to a lessee for years, and there is authority for so holding. "A tenant for years may redeem, although his lease being made after the mortgage, and good against the mortgagor, is not good against the mortgagee." 2 Jones on Mortgages: (6 ed.), sec. 1066. And in Hamilton v. Dobbs, 19 N. J. Eq. 227, a case on all fours with the present but not so strong, it was held by Chancellor Zabriskie that a tenant for years who offers to pay off a mortgage debt, has the right to redeem. He has not perhaps strictly the right to demand a written assignment of the mortgage, but stands by redemption in place of the mortgagee, and will be subrogated to his rights against the mortgagor and reversioner. He has the right to have the bond and mortgage delivered to him uncanceled, which in such case, is in equity and may be at law, a complete assignment.

The appellant presents a much stronger prima facie case than these principles require. He not only has a term with several years yet to run, but he shows a use of the land in connection with other land, to which a severance would do great injury, and further under the terms of his lease he had the right to apply the rent to the payment of taxes, interest on the mortgage, etc., and that he had so paid that when suit was brought on the mortgage there was no interest due, and the property was in debt to him for money advanced.

At common law a mortgagee could not be compelled to assign the mortgage on payment, but only to surrender it. In fact, in the absence of a system of record, the surrender of the instrument was the only secure evidence the mortgagor had of payment. Our Act of May 28, 1715, 1 Sm. L. 94, in aid of the mortgagor, provided for compulsory entry of satisfaction by the mortgagee on the record. And so the Act of June 24, 1885, P. L. 157, provides in certain cases for the compulsory assignment of mortgages on tender of the amount due. It is argued that these acts do not cover the case of a lessee or tenant, and therefore that he is without remedy. But these are common-law remedies, and even if it be conceded, which is by no means clear, that ordinary cases must be brought within their terms, it does not follow that equitable remedy should not be afforded when a case is shown to which equitable principles apply. The common law was opposed to assignments of

choses in action, which it regarded as tending to litigiousness and maintenance: 2 Black. Comm. 442. The general recognition and enforcement of assignments are the growth of modern methods of business, and the development of equity founded on and following such methods: Bispham on Equity, sec. 164 (7th ed. 1905). There is no solid reason why the principle of subrogation that where a party asserting a legal right can be fully secured in it and at the same time the interests of another in the subject-matter can be protected from impending injury, should not be applied in regard to the assignment of a mortgage, and in favor of a lessee, as well as to any other case to which the principle is applicable.

Decree reversed injunction reinstated and directed to be continued until otherwise ordered after final hearing.