## Dollar Savings Bank for use, Appellant, *v.* Duff.

*Mortgage—Assignment—Notice of lease—Inquiry—Knowledge —Subrogation—Payment of money into court.*

Where an owner of land, subject to a mortgage, executes a lease of the mineral under the land, and after the lessee has been in open, notorious and undisputed possession of the leasehold for many years, of such character as to give notice to all the world, the mortgage is foreclosed and a levari facias issued for the sale of the land, the lessee is entitled, on the refusal of the assignee of the mortgage to accept the debt, interest and costs, and after demand for a larger and exorbitant sum, to pay the money into court, and be subrogated to the mortgagee's rights.

Argued October 6, 1920. Appeal, No. 106, Oct. T., 1920, by plaintiff, from order of C. P. Beaver Co., Dec. T., 1918, No. 277, making absolute rule to permit payment of money into court in case of Dollar Savings Bank, for use, etc., v. Rose M. Duff, Administratrix. Before BROWN, C. J., STEWART, MOSCHZISKER, FRAZER, WALLING, SIMPSON and KEPHART, JJ. Affirmed.

Petition to pay money into court. Before BALDWIN, P. J.

The opinion of the Supreme Court states the facts.

The court granted a rule, which it subsequently made absolute. The use-plaintiff appealed.

*Error assigned* was order, quoting it.

*Homer H. Swaney,* with him *J. Rankin Martin* and *Frank H. Laird,* for appellant, cited: Forest Oil Co.'s App., 118 Pa. 138; Kyner v. Kyner, 6 Watts 221; Myers v. Boyd, 96 Pa. 427; Musgrave v. Dickson, 172 Pa. 629; Hoover v. Epler, 52 Pa. 522.

*Harold F. Reed,* with him *J. Frank Reed,* for appellee, cited: Wunderle v. Ellis, 212 Pa. 618; Hopkins Mfg. Co. v. Ketterer, 237 Pa. 285.

PER CURIAM, December 31, 1920:

On April 25, 1895, John C. Duff, the then owner of a tract of land in Beaver County, executed a written lease to C. R. Swetland & Sons of a vein of coal and all the fire clay beneath it, together with the iron ore and sand bank in three acres of it. The term of the lease was twenty years. By certain assignments all the rights of Swetland & Sons passed to the Darlington Brick & Mining Company. At the time Duff executed the lease the land was subject to a mortgage for $10,000 which he had given to the Dollar Savings Bank. It was subsequently reduced to $4,000, and the Farmers National Bank of Beaver Falls is the present holder of it. In 1918 the bank procured a writ of scire facias to be issued on the mortgage, followed by an alias and a pluries writ, in which last writ the Darlington Brick & Mining Company was made a defendant. The writ was served upon it, and judgment for $4,519 was entered against the defendants. This was followed by a writ of levari facias, in pursuance of which the sheriff was about to sell the property when the brick and mining company presented its petition to the court below asking that it be permit-

ted to pay into court the amount of the judgment on the mortgage, with interest and costs, to be taken out by the bank upon assigning to it the said judgment and writ of execution. The relief prayed for was granted and the bank took this appeal.

Denial of relief for which the appellee prayed would have been unconscionable. The first legal conclusion of the court below, not assigned as error, is, "The open, notorious and undisputed possession by the Darlington Brick & Mining Company of the leasehold in question and its operations on said tract of land since 1900, were sufficient to put the Farmers National Bank upon inquiry as to the rights and title of said company, and said bank is chargeable with notice of the actual rights and title, knowledge of which such inquiry would have developed." More than two months before the pluries writ of scire facias was issued the treasurer of the brick and mining company met the directors of the bank and offered to purchase the mortgage by paying all that was due on it, together with costs. This was refused, and the sum of $20,000 was demanded for an assignment, though judgment was taken shortly afterwards for but $4,519. Nothing more need be said about the relief to which the appellee was manifestly entitled, and that the court had power to grant it is undoubted: Wunderle v. Ellis, 212 Pa. 618; Hopkins Manufacturing Company v. Ketterer, 237 Pa. 285.

Appeal dismissed at appellant's costs.