SCHENECTADY SAVINGS BANK, Respondent, *v.* EDWARD B. ASHTON and Others, Defendants, Impleaded with SCHENECTADY HOLDING Co., INC., Appellant.

Third Department, September 28, 1923.

Mortgages — action to foreclose — lessee asked for assignment to it of bond and mortgage and deposited amount then due with county treasurer — right to assignment was denied until original mortgagor was released — original mortgagor was subsequently released — present holder of legal title is officer of lessee and lessee has instituted action to have it decreed that he purchased for it — lessee should release present title holder from his obligation on bond before mortgage is assigned to it and cannot deduct from amount due on mortgage fees of county treasurer and difference in interest — legal title holder not entitled to pay mortgage under circumstances.

In an action to foreclose a mortgage, it appeared that the lessee of the mortgaged property asked for an assignment of the bond and mortgage to it and deposited the amount then due with the county treasurer; that its demand for an assignment of the bond and mortgage was denied on the ground that the original mortgagor was entitled to be released from his indebtedness upon the bond; that thereafter said original mortgagor was so released; that an action is pending between the lessee and the present title holder of the property to have it decreed that the present title holder holds his title in trust for the lessee in that he purchased the property while he was an officer of the lessee.

*Held,* that the lessee is not now entitled to an assignment of the bond and mortgage without releasing the present title holder from his obligation which he assumed on acquiring title and that the lessee cannot deduct from the amount of principal and interest due on the bond and mortgage the fees which the county treasurer will charge for receiving and paying out the money deposited with him, nor can it deduct the difference between three per cent interest received on the deposit while in the possession of the county treasurer and six per cent interest which it is paying on the deposit, but it must pay the amount of the mortgage with accrued interest in full. Any expense which the lessee may have incurred by depositing the money with the county treasurer was caused by its own mistake as to its legal rights.

Since there is an action pending between the lessee and the present title holder, seeking judgment that the lessee is the actual owner of the mortgaged property, it was improper for the court to make an order permitting the present title holder to pay off the mortgage.

APPEAL by the defendant, Schenectady Holding Co., Inc., from an order of the Supreme Court, made at the Warren Special Term and entered in the office of the clerk of the county of Schenectady on the 13th day of August, 1923, directing an assignment of the mortgage for which this action is brought to foreclose, to the appellant on paying the amount due thereon with other conditions, and also from an order of the Supreme Court, made at the Warren Special Term and entered in the office of the clerk of the county

of Schenectady on the 10th day of September, 1923, modifying said first order by permitting the grantee of the mortgaged premises to pay the mortgage.

*Leary & Fullerton* [*James A. Leary* of counsel], for the appellant

*Edgar T. Brackett, Spencer B. Eddy* and *Sheridan P. Wait,* for the respondents Edward B. Ashton and Eugene E. Hayden.

*Newman E. Wait,* for the plaintiff, respondent.

VAN KIRK, J.:

In *Schenectady Savings Bank* v. *Ashton* (205 App. Div. 781) we held that the Schenectady Holding Co., Inc., was not entitled to an assignment of the bond and mortgage, which were due when the action to foreclose the mortgage was begun; that the foreclosure action was being prosecuted by the nominee of the person indebted upon the bond; that whatever right the Schenectady Holding Co., Inc., had to an assignment of the bond and mortgage was subordinate to the right of the mortgagor; and the mortgagor, not being released from his indebtedness upon the bond, had the right to have the foreclosure continued in order that reimbursement might be had from the proceeds of sale of the mortgaged premises. Since this decision the assignee of the bond and mortgage has released the mortgagor and obligor on the bond from his indebtedness. Leave was thereupon granted to discontinue the action. Thereafter the two orders appealed from were granted, (1) dated July 17, 1923, and (2) an order modifying the same, dated September 8, 1923. The first order directs an assignment of this mortgage to appellant on paying the amount due thereon with other conditions. The second order allows Ashton, the grantee of the mortgaged premises, to pay the mortgage.

The appellant raises but two questions: (1) as to the first order that it should not be required to " pay for an assignment of the mortgage herein a sum in excess of the amount on deposit with the Schenectady county treasurer;" (2) as to the second order that " Edward B. Ashton is not entitled to pay off the mortgage in question." No other question is presented or considered.

*First.* It is conceded by the appellant that, if an assignment of the bond and mortgage to it is permitted, the defendant Ashton should be released from his personal obligation upon the bond, which he assumed upon taking title to the real estate. In order to make the original tender, the appellant borrowed $150,000 at six per cent. When its tender was refused it deposited this money with the county treasurer of Schenectady county, where it draws three per cent interest. The county treasurer's fees for receiving the deposit amount to $750, and his fees when the deposit is with-

drawn will be a like amount. If the Schenectady Holding Co., Inc., be permitted to have an assignment of the bond and mortgage, the foreclosure action being discontinued without costs as directed in the order appealed from, it must pay the amount of principal and accrued interest due at the time. This amount will be secured to it by the mortgage. But the appellant claims that, since it is paying six per cent and receiving but three per cent upon the moneys it borrowed to make its tender, and also has been compelled to pay and must pay $1,500, fees of the county treasurer, it should be reimbursed in these amounts. It borrowed this money and incurred the expense of depositing it with the county treasurer mistaking its rights, and the expense of this mistake cannot justly be charged to another. But it urges that, shortly after the decision of this court above cited, its board of directors passed a resolution authorizing the release of the obligor from his liability upon the bond, and that the excess of interest charged since that time at least should be recovered by it. At the time this resolution was passed, the Schenectady Holding Co., Inc., was not the owner of the bond and mortgage and, therefore, could not release the obligor. The obligor was released by the Adirondack Trust Company on June 27, 1923. The appellant has not been exposed to expense for interest upon its borrowed money by any illegal or wrongful act upon the part of the obligor upon the bond, or of his nominee, the Adirondack Trust Company, or its assignor, the Schenectady Savings Bank, and such expense cannot be charged against either of these. It is suggested that the opposition to the order directing an assignment of the bond and mortgage to this appellant was due to the failure to release the original obligor and that some fault may attach to him or his nominee because he did not so inform this appellant. The appellant was not in position to release the obligor until it became the owner of the mortgage. It could agree, or perhaps assure, that it would release him when it became the owner by assignment. We think that tender of release, or such assurance as the appellant could give, should have been made at the time the tender of the amount due upon the mortgage was made as a preliminary to procuring an assignment of the bond and mortgage. And we should recall that upon the argument of the former appeal the obligor consented that the action be discontinued if he were released from his liability but his opponents did not approve.

*Second.* There is now an action pending, brought by the Schenectady Holding Co., Inc., against Edward B. Ashton, in substance seeking judgment that Ashton purchased the real estate as trustee of the appellant and that the title really passed to it,

he at that time being its president and thoroughly acquainted with its affairs; and alleging among other things that he could not, being an officer of appellant, profit by the transaction. The merits of this action cannot be tried upon this motion and we cannot anticipate what new relations or obligations the result of the action may introduce between the parties. If the appellant shall take an assignment of the bond and mortgage and shall release Ashton from his assumed liability for the mortgage debt, his interest in the payment of the mortgage rests upon his ownership of the mortgaged property. This presents the question involved in the action brought against him by the Schenectady Holding Co., Inc., the decision of which we cannot anticipate. For this reason we think the order permitting him to pay the mortgage should not now be made.

The second order we conclude should be reversed.

The first order appealed from should be modified by striking out the 2d, 3d, 4th and 5th paragraphs thereof, beginning with the word " Ordered," and substituting in the place thereof the following: Ordered that the Adirondack Trust Company, of Saratoga Springs, N. Y., and Eugene E. Hayden be and hereby are directed to immediately execute to the defendant, the Schenectady Holding Co., Inc., a good and sufficient assignment of the mortgage and accompanying bond described in the complaint in this action; that said assignment be delivered to the Schenectady Holding Co., Inc., upon payment of the amount due for principal and interest thereon at the day of delivery and upon condition that the Schenectady Holding Co., Inc., immediately upon such delivery of the assignment shall deliver to Edward B. Ashton, or the Adirondack Trust Company, a proper release of the personal liability of Edward B. Ashton upon the mortgage debt; upon making such payment and delivering such release the title of the Schenectady Holding Co., Inc., to the said mortgage and the accompanying bond shall be complete, and the said Adirondack Trust Company shall thereupon deliver to the Schenectady Holding Co., Inc., its officers or attorneys, the said mortgage, with the accompanying bond, together with all assignments thereof, insurance policies, abstract of title and other papers which accompany said mortgage and which they hold with said mortgage and bond. And it is further ordered that the treasurer of Schenectady county on demand pay to the Schenectady Holding Co., Inc., the money heretofore deposited by it with him with all interest accumulated thereon after deducting his lawful fees. And it is further ordered that the Adirondack Trust Company and Eugene E. Hayden be and each is hereby restrained from assigning or in any wise dis-

posing of the said bond and mortgage, except in compliance with this order, within thirty days from the date hereof. As so modified, the order should be affirmed.

H. T. KELLOGG, HASBROUCK and McCANN, JJ., concur; COCHRANE, P. J., not voting.

The second order, dated September 8, 1923, is reversed on the law and facts, and the motion is denied, without costs. The first order, dated July 17, 1923, is modified as stated in the opinion herein, and as modified affirmed, without costs.