Sheaffer *v.* Baeringer et al., Appellants.

Argued November 27, 1942. Before SCHAFFER, C. J.; MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*J. Joseph Stratton,* with him *Paul Uetz,* for appellants.

*Lewis Weinstock*, with him *Myron Jacoby*, for appellees.

OPINION BY MR. JUSTICE HORACE STERN, January 4, 1943:

Plaintiff is the registered owner of premises 2824-2826 W. Dauphin Street, Philadelphia, by virtue of a sheriff's deed dated October 7, 1940. He acquired the property subject to two mortgages, the first originally of $3,000, dated December 14, 1916, the title to which, through various assignments, is now in defendant Ira Baeringer, and a second originally of $2,000, dated September 17, 1930, which also, as the result of assignments, has come into the ownership of defendant.* The intervening defendant, Lloyd E. Sattler, has been the tenant of the property since January, 1932, under a lease subordinate to the mortgage liens. On May 19, 1941, plaintiff made a tender to defendant of two certified checks, one in the sum of $2,198.50, representing the reduced principal ($2,100) then due on the first mortgage together with interest to the date of tender, and one in the sum of $1,234.44 representing the reduced principal ($1,154.29) then due on the second mortgage with similar interest, and demanded assignments of the mortgages to him or his nominee in accordance with the Act of May 4, 1927, P. L. 710. Defendant refusing to comply with this request, there followed the present proceedings in equity, which culminated in a decree ordering defendant to execute the assignments upon payment by plaintiff of the sums previously tendered less certain credits agreed upon by the parties for rents subsequently collected by defendant as mortgagee in possession of the premises.

Defendant's resistance to a compulsory assignment of the mortgages is based principally upon the fact that section 2 of the Act of 1927, which provides that if the assignment is refused on tender being made it shall be

---

* Defendant is only the nominal holder of the mortgages for one Dick Crean, but that fact is here immaterial.

the duty of the court to enforce the assignment by decree and attachment, also contains the limiting provision that "No such decree shall be entered unless it shall appear to the court that all parties holding any interest in the lands so encumbered have joined in the application for the assignment of such mortgage, . . ." Here the lessee did not join in the application. Moreover, it was claimed by defendant that plaintiff's object in seeking control of the mortgages was to foreclose them and oust Sattler. While defendant admitted that the first mortgage was payable and that plaintiff had tendered the proper balance due thereon, he claimed that the unpaid balance on the second mortgage was not $1,154.29 but $1,974.29, and that this was not presently due because of an alleged five-year extension agreement entered into on March 26, 1940, between defendant, as holder of the mortgage, and George E. Sattler, father of the lessee and at that time owner of the property.

Blackstone says, book II, chap. 9, §144: "Because no livery of seisin is necessary to a lease for years, such lessee is not said to be seised, or to have true legal seisin of the lands. Nor indeed does the bare lease vest any estate in the lessee; but only gives him a right of entry on the tenement, which right is called his interest in the term, or interesse termini: but when he has actually so entered, and thereby accepted the grant, the estate is then, and not before, vested in him, and he is possessed, not properly of the land, but of the term of years; the possession or seisin of the land remaining still in him who hath the freehold." A lease for years is only a chattel, or, as it is called, a chattel real; it is personal not real estate; it is not subject to the lien of a judgment and has none of the attributes of real property. However it is not necessary to indulge in a disquisition upon the fundamental nature of a chattel real, because the proper signification of the words "all parties holding any interest in the lands so encumbered" is purely a matter of statutory construction. We are of

opinion that the act does not require the joinder of lessees in an application by the owner of the property for the assignment of a mortgage. The tenant is not affected by such an assignment, and it is inconceivable that the legislature intended that a lessee, without any real concern in the matter, should, by an arbitrary withholding of his consent, be able to prevent the owner from taking over a mortgage. If it were so held it would be possible, where a building contained a large number of tenants, for any one of them, however insignificant his tenure, effectually to prevent the owner from exercising the right which the act was designed to secure for him.

As for the lessee's fear that if plaintiff obtains control of the mortgages he may attempt to use them for the purpose of depriving him of possession, it need only be said that sufficient unto the day is the evil thereof. If plaintiff, for the purpose of wiping out the leasehold interest, should institute or threaten foreclosure proceedings and refuse to accept payment of the mortgages if tendered by the lessee, the latter will not be without adequate means of protection: *Wunderle v. Ellis,* 212 Pa. 618, 62 A. 106; *Hopkins Manufacturing Co. v. Ketterer,* 237 Pa. 285, 85 A. 421; *Dollar Savings Bank v. Duff,* 269 Pa. 29, 112 A. 23. As far as the present proceeding is concerned this question is not involved. The mere acquisition of the mortgages by plaintiff does not harm the lessee; if danger arises it will be only if and when an improper use of them is attempted.

The issue as to the amount due on the second mortgage is only a factual one, and the chancellor's finding in regard thereto, affirmed by the court in banc, is conclusive. This question depends upon whether certain payments made by the lessee to the building and loan association which was the original mortgagee were made in reduction of the principal or on account of an alleged undertaking by the lessee to purchase the mortgage. There was conflicting testimony, but the chan-

cellor's finding is amply supported by evidence. As to the contention that the term of the mortgage had been extended for five years by a written agreement entered into between defendant and the former owner of the property, George E. Sattler, the chancellor concluded— although the notary's certificate of the acknowledgment by the parties is prima facie evidence of the execution of the instrument (see *Pusic v. Salak*, 261 Pa. 512, 518, 519, 104 A. 751, 753; *Williamson v. Barrett*, 147 Pa. Superior Ct. 460, 465, 24 A. 2d 546, 548)—that the proofs as a whole did not satisfactorily establish that the agreement was entered into, at least at the time claimed by defendant. Moreover, it was never placed on record, and plaintiff would be bound only by the terms of the mortgage as recorded when he purchased the premises at sheriff's sale: see *Dewaters v. Kuhnle*, 199 Pa. 439, 49 A. 264; *Home Owners' Loan Corporation v. Murdock*, 150 Pa. Superior Ct. 284, 28 A. 2d 498.

The lessee now suggests that he should be subrogated for the payments which he made on account of the second mortgage. This is in contradiction of the position he assumed at the trial of the case, since he insisted there that he did not make the payments by way of reduction of the principal. The doctrine of subrogation is, in any event, not applicable, partly because the mortgagee received only part payment of the debt (as to which see *Gildner v. First National Bank and Trust Co. of Bethlehem*, 342 Pa. 145, 154, 19 A. 2d 910, 914; *Stofflet v. Kress*, 342 Pa. 332, 336, 21 A. 2d 31, 32) and partly because it was not clearly shown whether the payments were made on behalf of the lessee's father, who was the mortgagor, or on lessee's own behalf as tenant of the property, and, if the latter, whether he was compelled, by reason of a threatened foreclosure, to make the payments in order to protect his leasehold interest, in which event alone he would be entitled to subrogation: *Mosier's Appeal*, 56 Pa. 76.

Decree affirmed, defendant and intervening defendant to pay the costs.