JOE LENO, NELSON PITCHI, AND DAN PITCHI v. THE PRUDENTIAL INSURANCE COMPANY OF AMERICA; WACHOVIA BANK AND TRUST COMPANY, TRUSTEE, AND SPERO MOCHE.

(Filed 25 February, 1948.)

**1. Mortgages § 20—**

Lessees are entitled to pay the debt secured by a deed of trust to prevent threatened foreclosure in order to protect their leasehold estate in a part of the mortgaged premises, and to have the deed of trust and notes secured thereby assigned or delivered to them uncanceled under the equitable doctrine of subrogation.

**2. Subrogation § 1—**

A person who is not a mere volunteer is entitled to the equity of subrogation upon payment of a debt which in justice and good conscience ought to be paid by another.

**3. Cancellation of Instruments § 8—**

A grantee who takes the premises subject to a prior recorded lease is not entitled to attack the lease on the ground that it was procured by fraud.

**4. Landlord and Tenant § 2—**

A seal is not necessary to the validity of a lease.

APPEAL by plaintiffs from *Williams, J.,* at the October-November. Term, 1947, of WILSON.

Civil action to restrain a threatened foreclosure of a deed of trust, which would destroy the plaintiffs' rights under certain lease agreements, and to require The Prudential Insurance Company of America to accept from the plaintiffs, Nelson and Dan Pitchi, full payment of the secured debt and to assign to them without recourse on it, or to surrender to them the uncanceled documents evidencing and securing the debt.

The facts pertinent to this appeal are as follows:

1. On and prior to 1 April, 1938, one Birdie Buford was the owner of a certain lot of land situate at the southeast corner of East Nash and Douglas Streets in the town of Wilson, N. C., on which there was erected a brick building containing, among other rooms, a corner storeroom fronting on Nash Street and extending back on Douglas Street.

2. On 1 April, 1938, Birdie Buford became indebted to The Prudential Insurance Company of America in the sum of $14,500.00, and executed her note therefor, payable in monthly installments thereafter of $107.00, until 1 December, 1954. In order to secure the payment of said note, she executed and delivered a deed of trust to the defendant, Wachovia Bank & Trust Company, Trustee, which was duly probated and recorded in the office of the Register of Deeds of Wilson County, N. C., 13 April, 1938, which deed of trust conveyed to the Trustee the land and storeroom referred to herein.

3. Birdie Buford duly executed a lease on the storeroom at the southeast corner of East Nash and Douglas Streets, to Joe Leno, on 10 September, 1940, for a period of five years to commence from 1 October, 1940, for an annual rental of $600.00, payable $50.00 per month, with full power to sublease the premises at the will of the lessee. The lease restricted the use of the premises to the operation of a cafe. It also contained a stipulation providing for a renewal thereof for an additional five years at the expiration of the term created therein, upon the same terms and conditions except the rental, which was to be increased to $60.00 per month. The lease was duly recorded on 10 September, 1940.

4. Joe Leno sublet the premises referred to herein to Nelson and Dennis (Dan) Pitchi, under a lease executed 8 February, 1945, and duly recorded in the office of the Register of Deeds of Wilson County, N. C.

5. All the defendants admitted in open court "That on September 27, 1945, Joe Leno notified Birdie Buford and Spero Moche of his intention to renew the lease for an additional term of five years beginning October 1st, 1945, and that on October 1st, 1945, rent in the amount of $60.00 for the month of October, 1945, was tendered to Spero Moche through his rental agent, R. A. Perry, and that the rent was refused and that since

October 1st, 1945, the rent has been tendered each month and paid into the office of the Clerk of the Superior Court for the use of Spero Moche."

6. A deed obtained from Mrs. Birdie S. Buford for the property involved herein, by Spero Moche, *et al.,* 21 September, 1940, was declared null and void in an opinion filed 19 April, 1944, in the case of *Buford v. Moche,* 224 N. C., 235, 29 S. E. (2d), 729.

7. On 5 July, 1945, the defendant Spero Moche entered into a contract for the purchase of this property subject to certain encumbrances and other rights including the balance due The Prudential Insurance Company of America, secured by the deed of trust referred to above and the lease from Birdie S. Buford to Joe Leno referred to herein. The deed for the property, executed by the grantors to Spero Moche on the same day the purchase agreement was executed, conveyed the premises subject to unpaid taxes for 1945, the balance due The Prudential Insurance Company of America, secured by deed of trust from Birdie S. Buford to Wachovia Bank & Trust Company, Trustee, and any and all other rights and encumbrances of record.

8. It is admitted by all the defendants "That there was a default in the payment of the debt of Birdie Buford to The Prudential Insurance Company and secured by the deed of trust to the Wachovia Bank & Trust Company, Trustee; that there was a demand by The Prudential Insurance Company on the Wachovia Bank & Trust Company, Trustee, to foreclose the deed of trust and that the property consequently was advertised for sale under foreclosure and, but for the restraining order issued herein, would have been sold under said foreclosure."

9. It is admitted by The Prudential Insurance Company of America that on 26 May, 1946, the plaintiffs herein, in an effort to preserve their estate in the property described in the deed of trust referred to herein, offered to pay to The Prudential Insurance Company all amounts then remaining unpaid on the note of Birdie Buford, and to take an assignment without recourse on said Company; but The Prudential Insurance Company refused to permit plaintiffs to pay said balance and to assign to them the security without recourse.

It is admitted by the defendants The Prudential Insurance Company of America and the Wachovia Bank & Trust Company, Trustee, that the plaintiffs were informed by The Prudential Insurance Company that the amount remaining unpaid on the note of Birdie Buford is $9,566.26, and that the plaintiffs have tendered to The Prudential Insurance Company that amount and with said tender requested the said defendant to deliver to them, properly assigned or uncanceled the note of Birdie Buford and the deed of trust securing the same. This tender was rejected and the plaintiffs deposited a certified check, payable to The Prudential Insurance Company of America, for the above amount in the office of the Clerk of the Superior Court of Wilson County.

The plaintiffs, Dan Pitchi and Nelson Pitchi, in open court offered to pay into court for the use of The Prudential Insurance Company of America, in addition to the payments already tendered and paid into the office of the Clerk of the Superior Court, any further amounts that may have become due by reason of taxes, insurance premiums, interest or any other expenditures binding upon The Prudential Insurance Company in connection with said debt and tendered judgment for any such amount.

11. The plaintiff, Nelson Pitchi, testified that he and his brother, Dan Pitchi, purchased the Red Apple Cafe from Joe Leno in February, 1945, for the sum of $7,000.00; that they have expended the ·sum of $4,500.00 on it since that time, and have operated it continuously as a cafe. He also testified that there is no other location available for their cafe business.

12. The defendant, Spero Moche, filed an answer and cross-action, alleging that the lease from Birdie Buford to Joe Leno was procured by fraud, and further alleging that said lease is null and void, not having been executed under seal.

In the trial below, and before the jury was impaneled, the plaintiffs made a motion for the dismissal of the answer by the defendant Moche, or for judgment on his answer as to him for that the facts alleged in the answer did not constitute any defense to plaintiffs' action for the restraining order and for subrogation. Motion denied. Exception.

The plaintiffs thereafter moved for judgment on the pleadings and admissions. Motion denied. Exception.

At the close of plaintiffs' evidence, the defendants moved for judgment as of nonsuit. The motion was allowed and the defendant Moche was given permission to take a nonsuit on his cross-action. Judgment was entered accordingly, and the plaintiffs appeal, assigning error.

*Lucas and Rand for plaintiffs.*

*Chas. B. McLean for The Prudential Insurance Co. of America and Wachovia Bank & Trust Co., Trustee.*

*Connor, Gardner & Connor and J. A. Jones for defendant Moche.*

DENNY, J. The primary question presented on this appeal is whether or not the equitable remedy of subrogation is available to a lessee whose enjoyment of the use of the demised property is about to be destroyed by the foreclosure of a prior deed of trust, and who, to prevent such destruction, tenders to the holder of the secured debt the full amount of the debt and expense and demands an assignment, without recourse, or a surrender to him of the uncanceled documents evidencing and securing the debt.

It is said in 50 American Jurisprudence, 699: "The right of subrogation is not necessarily confined to those who are legally bound to make the payment, but extends as well to persons who pay the debt in self-protection, since they might suffer loss if the obligation is not discharged. In this class are included subsequent encumbrancers paying off a prior encumbrance. The extent or quantity of the subrogee's interest which is in jeopardy is not material. If he has any palpable interest which will be protected by the extinguishment of the debt, he may pay the debt and be entitled to hold and enforce it just as the creditor could." See also 60 Corpus Juris, 789.

In Pomeroy's Equity Jurisprudence (5th Ed.), Vol. 4, page 637, *et seq.,* the general rule as to the right of subrogation is stated as follows: "In general, when any person having a subsequent interest in the premises, and who is therefore entitled to redeem for the purpose of protecting such interest, and who is not the principal debtor primarily and absolutely liable for the mortgage debt, pays off the mortgage, he thereby becomes an equitable assignee thereof, and may keep alive and enforce the lien so far as may be necessary in equity for his own benefit; he is subrogated to the rights of the mortgagee to the extent necessary for his own equitable protection. The class of persons coming within this description include the grantee from the mortgagor or any subsequent grantee who has taken the land simply subject to the mortgage, the heir or devisee of the mortgagor; the widow of the mortgagor or of any subsequent owner; a subsequent encumbrancer by mortgage, judgment, or otherwise; a subsequent lessee, and the like."

"The doctrine of subrogation is broad enough to include every instance in which one person, who, not being a mere volunteer, pays a debt which in justice, equity and good conscience ought to be paid by another." Jones on Mortgages (8th Ed.), Vol. 2, p. 570.

A lessee for a term of years is entitled to subrogation when, in order to preserve his lease, it becomes necessary for him to pay off a lien superior thereto. *Averill v. Taylor,* 8 N. Y., 44; *Hamilton v. Dobbs & Robinson,* 19 N. J. Eq., 227; *Bacon v. Bowdoin,* 43 Metcalf's Rep., 591 (Mass.); *Dundee Naval Stores Co. v. McDowell,* 65 Fla., 15, 61 Sou., 108; *Wunderle v. Ellis,* 212 Pa., 618, 62 A., 106; *Hopkins Mfg. Co. v. Ketterer,* 237 Pa., 285, 85 A, 421; *Dollar Savings Bank v. Duff,* 269 Pa., 29, 112 A., 23; *Schenectady Savings Bank v. Ashton,* 201 N. Y. S., 288, 206 App. Div., 345.

In the case of *Averill v. Taylor, supra,* the facts were on all fours with the case before us, the lease covered only a part of the mortgaged premises, and the Court said: "A court of equity would not be obliged to enforce a redemption that was merely frivolous, and for vexation. In a case like the present, the mortgagor is bound in equity and good con-

science to permit his lessee to do that, which according to his contract, he ought himself to have done. As he has not paid his debt, which was his duty, for the protection of his tenants, he has no right to object that they should pay it, and upon such payment be subrogated to the original rights of the mortgage creditor."

In *Hamilton v. Dobbs & Robinson, supra,* the Court held: "The tenant, or other person, like a second mortgagee or judgment debtor, having a right to redeem, has not, perhaps, strictly the right to demand a written assignment of the bond and mortgage; but he stands by redemption in place of the mortgagee, and will be subrogated to his rights against the mortgagor and the reversioner. He has the right to have the bond and mortgage delivered to him uncanceled, which, in such case, is, in equity, and may be, at law, a complete assignment of them." See *Sherrill v. Hood,* 208 N. C., 472, 181 S. E., 330; *Wilson v. Trust Co.,* 200 N. C., 788, 158 S. E., 479; and *Liles v. Rogers,* 113 N. C., 197, 18 S. E., 104.

It is said in *Wunderle v. Ellis, supra:* "There is no solid reason why the principle of subrogation, that where a party asserting a legal right can be fully secured in it and at the same time the interests of another in the subject-matter can be protected from impending injury, should not be applied in regard to the assignment of a mortgage and in favor of a lessee, as well as to any other case to which the principle is applicable."

Applying the equitable principles laid down in the above cited authorities to the undisputed facts disclosed by the record herein, the plaintiffs' exception to the granting of defendants' motion for judgment as of nonsuit must be sustained.

The plaintiffs also except and assign as error the refusal of his Honor to dismiss the answer filed by the defendant, Moche, or to give judgment on the pleadings against him for the relief sought by the plaintiffs.

The defendant, Moche, undertakes to set up a cross-action against the plaintiffs, and to have the court, in the exercise of its equitable powers, set aside the lease held by Joe Leno from Birdie Buford; and to require plaintiffs to give bond in the sum of $20,000.00, to indemnify the defendant, Moche, "in respect to the payment of reasonable rental value of the said premises for rents which have already accrued, and which may accrue pending the trial and final adjudication of" this action.

As a matter of fact, the lease from Birdie Buford to Joe Leno, under which the plaintiffs now hold possession of the premises occupied by the Red Apple Cafe, was executed and filed of record 10 September, 1940, eleven days prior to the execution of the deed from Birdie Buford to Spero Moche, *et al.,* which deed was declared invalid by this Court in an opinion filed 19 April, 1944, and reported in 224 N. C., 235, 29 S. E. (2d), 729. Furthermore, the deed under which the defendant, Moche,

now claims his equity of redemption in the mortgaged premises, was not executed until 5 July, 1945, and conveyed the property subject to all rights and encumbrances of record. Moreover, the validity of the lease held by Joe Leno was unsuccessfully attacked in a summary proceeding in ejectment by the defendant, Moche, in the case of *Moche v. Leno,* in which the validity of the lease was upheld in the opinion filed in this Court 26 February, 1947, and reported in 227 N. C., 159, 41 S. E. (2d), 369.

The defendant Moche's cross-action is without merit in law or equity, and should have been stricken from the pleadings.

The plaintiffs assign as error the refusal of the trial judge to grant their motion for judgment for the relief prayed for, on the pleadings and admissions.

We think on the pleadings, the undisputed facts, and admissions disclosed by the record, the plaintiffs are entitled to the relief which they seek in this action. Therefore, the judgment of the court below is reversed and this cause is remanded to the end that judgment may be entered in accord with this opinion.

Reversed.