## Kline v. Evans

*Paul A. McGinley* and *Edwin K. Kline, Jr.*, for plaintiff.

*Martin H. Philip*, for defendant.

HENNINGER, P. J., June 11, 1956.—The above captioned action is a foreclosure proceeding upon a mortgage executed by defendant Allen D. Evans upon his property occupied by defendant Minerva M. Evans and by their dependent minor son.

Wife-defendant, named as terre tenant in the fieri facias, has applied to the mortgagee to assign the mortgage to her nominee to assure her continued residence in the home. To this husband-defendant objects, and he has also offered to have the mortgage assigned to his nominee, if necessary, in order to gain control over

the foreclosure proceedings. Plaintiff has refused to comply with these conflicting requests, but is willing to assign the mortgage to anyone upon whom the parties may agree; otherwise, to pursue the foreclosure proceedings.

Depositions were taken and from them we are convinced of the following facts:

Allen D. Evans is the owner of the property, 419 Second Street, Slatington, and the mortgage for $450 dated November 22, 1949, was not executed for the purpose of depriving Minerva M. Evans of any inchoate dower rights in the property; Minerva M. Evans and Allen D. Evans and their family resided in the property until 1951 when Allen D. Evans was admitted to the Allentown State Hospital, from which he escaped and absconded to Ohio; he was in the house for a few hours or a day or two in 1953 and finally went to Lancaster, where he is presently residing and is steadily employed; Minerva M. Evans continued to reside in the property with their children and on September 24, 1953, a support order was entered by the Court of Quarter Sessions of Lehigh County ordering Allen M. Evans to pay $10 per week for the support of his wife and dependent child so long as he continues to pay the taxes and interest upon the property in which they were residing; the foreclosure of the mortgage is not collusive, but there is no doubt that Allen D. Evans is opposing his wife's purchase of the mortgage so that the property can be sold at sheriff's sale without her joinder.

The sole question, therefore, is whether the wife has a standing to purchase the encumbrance on her husband's home, simply because she and her family are residing in it.

Clearly she has no statutory right to do so. Neither the Act of June 24, 1885, P. L. 157, 21 PS §731-2, nor the Act of May 4, 1927, P. L. 710, 21 PS §733-4,

nor that of April 28, 1903, P. L. 327, 21 PS §735-8 confer upon her any such right.

The Act of 1885, supra, refers to interests of minors, life tenants, lands held in trust and lands descended under intestate laws. If there were any doubt in section 1, 21 PS §731, it would be dispelled by a reading of section 2, 21 PS §732, which provides that the act can be invoked only if all parties in interest have joined in the application for the assignment of the encumbrance.

The 1927 Act, supra, 21 PS §733-4, goes much farther and permits the person holding land subject to an overdue encumbrance to have it assigned to the nominee of such owner. Here again all parties holding any interest in the lands must have joined in the application for assignment.

It is to be noted that the remedy is available to the terre tenant of the person holding land, to tender the sum due and obtain an assignment and that plaintiff has designated Minerva M. Evans as terre tenant in the execution. The fact remains, however, that she is not a terre tenant as that term is used in Pennsylvania law, in which a terre tenant is an owner of property which has been purchased subject to an encumbrance: Adelson v. Kocher, 154 Pa. Superior Ct. 548, 552; Hulett v. Mutual Life Ins. Co. of New York, 114 Pa. 142, 146.

The 1903 Act, supra, 21 PS §735-8, does not apply, since it favors only an encumbrancer who has since parted with his title and the only penalty on a mortgagee for nonassignment is that he loses the right to hold the mortgagor personally liable on his bond.

Minerva M. Evans claims the right to an assignment on general equitable principles of subrogation and relies upon Wunderle v. Ellis, 212 Pa. 618, in which a tenant for years was permitted to take assignment of a mortgage, to which his lease was subordinate, in

order to prevent a sheriff's sale of the leased premises. The court, after considering the Act of 1885, supra, stated, page 621:

"It is argued that these acts do not cover the case of a lessee or tenant, and therefore that he is without remedy. But these are common-law remedies, and even if it be conceded, which is by no means clear, that ordinary cases must be brought within their terms, it does not follow that equitable remedy should not be afforded when a case is shown to which equitable principles apply."

The Wunderle case has been followed in the two cases below cited and has been the subject of an important obiter dictum in Sheaffer v. Baeringer, 346 Pa. 32, 35, as follows:

"As for the lessee's fear that if plaintiff obtains control of the mortgages he may attempt to use them for the purpose of depriving him of possession, it need only be said that sufficient unto the day is the evil thereof. If plaintiff, for the purpose of wiping out the leasehold interest, should institute or threaten foreclosure proceedings and refuse to accept payment of the mortgages if tendered by the lessee, the latter will not be without adequate means of protection: Wunderle v. Ellis, 212 Pa. 618, 62 A. 106; Hopkins Manufacturing Co. v. Ketterer, 237 Pa. 285, 85 A. 421; Dollar Savings Bank v. Duff, 269 Pa. 29, 112 A. 23."

The Wunderle, Hopkins and Savings Bank cases, supra, are distinguished in McDonough v. Barnes, 77 Pa. Superior Ct. 334, 336, on the ground that in those cases the person seeking relief was a lessee or a holder of a junior encumbrance, whereas, in the McDonough case the interest of petitioner does not appear. The McDonough case does not state, however, that the remedy of subrogation is limited to a lessee for years or a holder of a junior encumbrance.

In fact, Minerva M. Evans is the use-plaintiff in

a junior encumbrance, and we have held in an opinion this day filed in Commonwealth of Pennsylvania v. Evans, no. 746, September term 1955, that Allen D. Evans is not entitled to have the judgment satisfied on a compliance recognizance upon payment of arrearages alone.

Minerva M. Evans, however, has a right to subrogation not only as a judgment creditor, but also as the wife-occupant of the mortgaged premises. This tenancy may be, as Allen D. Evans contends, merely a tenancy at sufferance, but the fact remains that she is the occupant of the premises and that no steps have been taken to terminate her tenancy.

Furthermore, the quarter sessions court in the domestic relations case held the support order for wife and son to $10 per week, so long as Evans continued to pay interest on the mortgage and taxes on the property. This order cannot be construed as giving the wife any right to continue to live in the property, but it does constitute a recognition of the relation of the parties, so far as the property is concerned.

We presume that Evans expects a purchaser at sheriff's sale to procure the vacation of the property, a task he seems unwilling to undertake himself. So long, therefore, as Evans does not disturb his wife's possession, she has the right to take any necessary action to protect her continued occupancy.

The equities are certainly with the wife and the cited cases are consistent with, and not contradictory to, her claim. We feel that, under the circumstances, Minerva M. Evans has the right to protect her obvious interests at no sacrifice to the mortgagee.

The attention of the parties should be called to the fact that this solution of the problem is only a temporary one. Evans can still encumber the property, subject, of course, to the present encumbrances, provided such additional encumbrances are not fraudu-

lent. He can still use any lawful means to regain possession of his property. He is subject to attachment on any arrearages and to an increase in the support order unless he pays the interest and taxes. Minerva M. Evans cannot enforce her judgment for arrearages, and her nominee cannot enforce payment of principal and interest on the mortgage without accomplishing what Evans desires to accomplish, namely, a sheriff's sale of the property. Furthermore, if the nominee stays the execution without the consent of the execution creditor, he may lose the amount advanced for costs. A sheriff's sale of the property with the wife in possession will adversely affect the price anyone would offer.

We make the above statements only to indicate that, in our opinion, some mutual adjustment of the parties' differences would be greatly to the advantage of both.

Now, June 11, 1956, the rule granted on November 18, 1955, in the above captioned action is made absolute, and it is ordered and decreed that plaintiff assign and transfer, without recourse, to Minerva M. Evans or her nominee, the bond and mortgage given by Allen D. Evans to Edwin K. Kline, dated November 22, 1949, and recorded in Lehigh County in mortgage docket vol. 578, page 113, together with the judgment entered upon the said bond, upon payment to Margaret A. Kline of the principal of said bond, with interest from November 22, 1950, and all costs, including attorney commissions, that shall have been incurred to the date of payment. Said payment is to be made within 20 days after service of this order upon respective counsel, or the sheriff's sale may proceed. The presently scheduled sheriff's sale is adjourned to Friday, September 21, 1956, and the return day extended to the fourth Monday in September 1956.