# Baird's Appeal.

The heir at law of a trustee of real estate becomes a trustee only prospectively, and is accountable only for his own management of the estate: he has no concern with the accounts of his ancestor, which can be settled only by his personal representative. He has nothing to do with the execution of the trust so far as it regards personal estate.

APPEAL from the Common Pleas of *York* county.

Rachel Stewart made her will, in which she appointed William Johnson her executor, and devised to the said " William Johnson, his heirs and assigns, in trust, as hereafter mentioned," all her estate, of every kind and description, to the use of Elizabeth Baird.

On the 17th of May 1822, William Johnson proved the will, and filed an inventory amounting to $1744.62½. He died without settling any account of said trust, or of his executorship. On the 12th of January 1839, Samuel Johnson, his surviving executor, filed an account in the Orphans' Court of York county, styled " Account of Samuel Johnson, the surviving executor of William Johnson, late of York county, executor of Rachel Stewart, also of said county, deceased."

In *Baird's Appeal*, (1 *Watts & Serg.* 288), this court decided, that the Common Pleas of York county had jurisdiction over this matter.

On the 4th of December 1841, an account was filed in the Common Pleas of York county, entitled " The account of Samuel Johnson, Esq., eldest son and heir at law of William Johnson, deceased, of the trust created by the will of Rachel Stewart, deceased, for the benefit of her daughter, Elizabeth Baird," and charged himself with the *personal* and *real property* of the deceased.

This account was excepted to, and referred to an auditor, who reported that the exceptors wished to charge the accountant under the first exception with personal property which, it was alleged, came into the hands of William Johnson, the testamentary trustee, and father of the accountant; that he did not investigate how much personal property came to the hands of William Johnson, because he thought that the accountant, in the capacity of eldest son

and heir at law of the first trustee, was not chargeable with such personal estate.

This report was excepted to on behalf of the *cestui que trust*, and the Common Pleas confirmed it.

*Hambly*, for appellant, cited 1 *Binn.* 91 ; 3 *Bac. Ab.* 58 ; 2 *Vez.* 211 ; 9 *Watts* 300 ; 1 *Watts & Serg.* 290.

*Mayer*, for appellee, cited 5 *Whart.* 228.

PER CURIAM.—By the common law, the heir of a trustee of real estate succeeds to the trust at the death of his ancestor, because the title to the legal estate descends upon him. But he becomes a trustee only prospectively, and accountable only for his own management of the trust ; and has no concern with the accounts of his predecessor, which can be settled only by his personal representative. He has nothing to do with the execution of the trust, so far as it includes personal estate. This account, we understand, contains no more than those matters with which the accountant is personally chargeable ; and so far it is a legitimate subject of settlement. Those matters which were chargeable to the ancestor, therefore, whether pertaining to the realty or the personalty, were properly excluded from it.

Decree affirmed.