# Dixie Furniture Co. *v.* Packel, Appellant.

*Contracts—Breach—Compromise agreement—Agency—Evidence.*

In an action on a book account for furniture sold and delivered, the defendant in his affidavit of defense averred that the original contract was breached by the plaintiff but that defendant entered into a compromise agreement with plaintiff's sales agent, whereby the former was to pay for half the goods and plaintiff was to take back the other half. In such a case evidence of the terms of the contract of sale was admissible, without first proving the agent's authority, where the plaintiff accepted the fruits of such agreement.

A selling agent of personal property has implied power to agree upon the terms of the sale. If the vendor seeks to take the benefit of the bargain made by its agent, it must adopt the contract as its agent made it.

The compromise agreement did not involve a rescission of the original contract, but constituted a new agreement between defendant and plaintiff's sales agent as to goods belonging to plaintiff.

If plaintiff accepted the fruits of such a new agreement made by its agent, after discharging the old agreement, in respect to the subject matter thereof, it was bound thereby.

Argued October 19, 1925.   Appeal No. 171 October T., 1925, by defendant from judgment of the Municipal Court of Philadelphia, July T., 1924, No. 574 on verdict entered in favor of the plaintiff in the case of Dixie Furniture Co., a corporation, v. H. Packel.  Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.   Reversed.

Assumpsit on the book account.   Before WALSH, J.
The facts are stated in the opinion of the Superior Court.
The court directed a verdict in favor of the plaintiff in the sum of $509.28 and judgment thereon.   Defendant appealed.

*Errors assigned,* among others were various rulings on evidence.

*Roland Evans, Jr.,* of *Evans and Wernick,* for appellant.

*Bertram Bennett,* and with him, *Harry L. Jenkins,* for appellee.

OPINION BY GAWTHROP, J., December 14, 1925:
Plaintiff has judgment in a suit in assumpsit on a book account for furniture sold and delivered to defendant, who appeals.   The defense set up in the affidavit of defense and sought to be proved was, that the furniture which is the subject of this suit constituted one-half of what defendant ordered from plaintiff; that on receipt of the first half of the original order, defendant learned that the goods were not as represented by plaintiff's agent who made the sale;

that he demanded that plaintiff take back the goods and advised plaintiff that it should not ship the second half of the order; that plaintiff's agent who made the sale proposed to defendant that, if he would keep the first shipment and pay for it, plaintiff would not ship the second half of the original order; that in spite of this agreement plaintiff sent the second shipment— the goods which are the subject of this suit; that upon defendant's refusal to pay for either shipment, plaintiff's selling agent again called on defendant and agreed to compromise the matter on the following terms: that, if defendant would pay for the first shipment, plaintiff would take back the second shipment; and that, relying upon the terms of the compromise, defendant paid plaintiff in full for the first shipment.

At the trial defendant undertook to relate the terms of the oral contract of sale made between him and plaintiff's selling agent, Brody. The trial judge sustained plaintiff's objection to any testimony to prove an agreement made by Brody to take back the furniture. The ground of the objection was that the authority of the agent to make such an agreement must first be established. This ruling is challenged by the second and third assignments of error. As plaintiff confirmed the order taken by Brody and retained the benefit thereof, it cannot repudiate his authority to make the alleged oral agreement: Danish Pride Milk Co. v. Marcus, 272 Pa., 340. It is familiar law that a selling agent of personal property has implied power to agree upon the terms of the sale. If plaintiff seeks to take the benefit of the bargain made by its agent, it must adopt the contract as its agent made it: Singer Mfg. Co. v. Christian, 211 Pa. 534. It was error to refuse to permit defendant to prove the terms of the contract. The second and third assignments are sustained.

The fourth, fifth and sixth assignments of error com-

plain of the exclusion of defendant's offers to prove conversations between defendant and Brody after defendant gave plaintiff notice of his cancellation of the contract. The purpose of these offers was to establish the compromise agreement set up in the affidavit of defense. The admissibility of the offers depends upon whether or not defendant was bound by any contract at the time the conversations occurred. Whether defendant was so bound cannot be determined without knowledge of the terms of the contract of sale, evidence to prove which was excluded. These assignments might be dismissed on that ground. But, as the case must go back for re-trial, we deem it our duty to state that if defendant had the right, as he contends, to order plaintiff to take back the first lot of furniture and not to ship the second lot of goods, and delivery of the second lot was made after he notified plaintiff to that effect, defendant would not be liable to pay for any of the goods. The contract would then be discharged by plaintiff's breach. Under such circumstances the compromise agreement, if one there was, would not involve a rescission of the original contract, but would constitute a new agreement between defendant and plaintiff's sales-agent as to goods belonging to plaintiff. If plaintiff accepted the fruits of such a new agreement made by its agent, after discharge of the old agreement, in respect to the subject matter thereof, it would be bound thereby: Singer Mfg. Co. v. Christian, supra.

The first assignment of error is grounded upon the affirmance of plaintiff's point for binding instructions. The conclusions above make it unnecessary to pass upon it. But, as the case must be re-tried, we express the view that, if defendant shall produce at a subsequent trial evidence to sustain the offers made at the first trial, the case will be for the jury.

The judgment is reversed and a new trial awarded.