## Shope, Appellant, *v.* Rodenhaver.

*Mortgages—Terms—Satisfaction.*

On the issue framed to determine the amount due on a mortgage, a verdict in favor of plaintiff will be affirmed, where it appeared that the instrument was payable one year after date "with the privilege to the said obligor to pay the principal sum before the date of payment herein mentioned, with interest to the date of actual payment."

In such case notice of an intention to pay the principal, together with a tender of interest, is sufficient to permit the mortgagor to exercise the privilege of payment. Having once made tender, which the mortgagee refused to accept, the mortgagor was not required to continue in the performance of a vain act. Having shown his willingness to pay and demonstrated his ability by producing the amount in cash, including the expense attending satisfaction, it was not necessary for him to make further tenders.

Where the mortgagor lived in a foreign state, a tender to his authorized agent, who first negotiated the mortgage, was sufficient.

Argued March 16, 1927. Appeal No. 9, March T., 1927, by plaintiff from judgment of C. P. Cumberland County, September T., 1922, No. 285, in the case of

Edward F. P. L. Shope v. J. Edgar Rodenhaver. Before Porter, P. J., Henderson, Trexler, Keller, Linn, Gawthrop and Cunningham, JJ. Affirmed.

Framed issue to determine the amount due on a mortgage. Before Biddle, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $5,150. Subsequently the court entered a decree directing the satisfaction of the mortgage on the payment into court of the total sum of $5,495.94. Plaintiff appealed.

*Errors assigned* were various rulings on evidence, the charge of the court, answers to points and refusal of plaintiff's motion for judgment non obstante veredicto.

*S. H. Zimmerman,* and with him *John H. Myers,* for appellant.

*Thomas E. Vale,* of *Brinton, Vale, Lloyd and Bowman,* for appellee.

Opinion by Trexler, J., April 22, 1927:

An issue was framed to determine whether an execution issued on a warrant of attorney contained in a judgment bond accompanying a mortgage was or was not prematurely issued and what was the actual amount for which the defendant was liable to the plaintiff.

J. Edgar Rodenhaver, the defendant, bought some lots from Edward F. P. L. Shope, the plaintiff, for $10,000, paid $5,000 and gave to him a bond and mortgage, dated October 7, 1922, for $5,000, for the unpaid purchase money, said sum to be paid "one year from the date hereof" with interest payable semi-annually

"with the privilege to the said obligor to pay the principal sum before the date of payment herein mentioned, with interest to the date of actual payment." Judgment was entered on the bond, August 23, 1923, and execution issued thereon, whereupon on petition by the defendant, the judgment was opened and an issue was framed as above stated.

The parties who acted for the mortgagee in the transaction were Dr. Samuel Z. Shope and Mr. John A. Herman. Sometime in February, 1923, the defendant told Mr. Herman of his desire to pay the mortgage in full on the 7th day of April, the day on which the first semi-annual payment of interest would fall due. Herman at once communicated with Dr. Shope, who directed Mr. Herman to prepare a power of attorney for the satisfaction of the mortgage and to send it to him at Philadelphia from where it would be forwarded to the plaintiff who was then a resident of the state of New Jersey. The power of attorney was prepared and forwarded, but was never returned to Mr. Herman or to the defendant.

On several occasions, prior to April 7, 1923, the defendant made a tender with interest to John A. Herman, the attorney for the plaintiff, and these tenders were in turn reported by Mr. Herman to Dr. Shope, the agent for the plaintiff, who refused to accept payment, stating that he would only receive payment of the mortgage if it was accompanied by one year's interest instead of six months'. This refusal was consistently persisted in and no other question was raised by the mortgagee or his agent. The view taken by them was that Mr. Herman had no right to insert such a clause in the bond and mortgage and that the mortgagee was not bound by it.

If this clause was improperly put in the bond and mortgage, it will suffice us to say that the mortgagee did not take the proper way of curing the evil. There

was no effort made either to repudiate the sale or to reform the instrument and the plaintiff is bound by the terms of the bond and mortgage. He cannot use them for his purposes and disavow their validity at the same time: Dixie Furniture Co. v. Packel, 87 Pa. Superior Ct. 106; Singer Mfg. Co. v. Christian, 211 Pa. 534. The question, therefore, remains whether there was a proper and sufficient tender made. The plaintiff was a resident of the state of New Jersey and the defendant was not required to go into another state to tender payment: Hopkins Mfg. Co. v. Ketterer, 237 Pa. 285, 293. To make the tender he sought those with whom he had dealt in the first instance and who were the agents of the plaintiff.

The defendant was able and willing to pay according to the terms of the instrument. The issue made by the parties was solely what sum was required to discharge the mortgage, or in other words, the validity of the provision of the bond and mortgage which allow the mortgagor to anticipate payment. As we have said above, there is no other ground for dispute. After the first tender to the agent of the plaintiff, the assertion of the plaintiff that he insisted upon one year's interest rendered futile any further tender and the defendant was not required to continue the performance of a vain act. He showed his willingness to pay and demonstrated his ability by producing the amount in cash including the expenses attending satisfaction. This was all that was required of him. See Dollar Saving Bank v. Duff, 269 Pa. 29; Gill v. Ladies Catholic Benevolent Association, 36 Pa. Superior Ct. 458; Hopkins Mfg. Co. v. Ketterer, supra; Douglas v. Hustead, 216 Pa. 292; Martin v. Cybulski, 282 Pa. 297.

The assignments of error are overruled and the judgment is affirmed.