**In re GALLIMORE. CALHOUN v. DECK-NER–WILLINGHAM LUMBER CO. et al. ATLANTA FLOUR & GRAIN CO. et al. v. SAME.**

Circuit Court of Appeals, Fifth Circuit.
October 21, 1927.

No. 5028.

Bankruptcy ⟾20(2)—Refusal to require state court receiver to surrender to bankruptcy trustee property covered by liens to its full value held proper.

Where the only assets of value in voluntary bankrupt's estate were contracts for purchase of building lots, to which vendors retained title to secure purchase price and advances for buildings constructed thereon by bankrupt, and sale value of property did not exceed secured debts, including purchase price, advances, and mechanics' liens, and materialmen sued in state court, alleging that sale of lots to bankrupt was fraudulent scheme to have purchase-money claims and advances declared superior to materialman's liens, *held*, that bankruptcy court prop-

erly refused to require state court's receiver to turn property over to trustee, leaving mechanics' lienors and vendors, who were real parties in interest, to contest validity and priority of liens in state court.

Appeals from the District Court of the United States for the Northern District of Georgia; Samuel H. Sibley, Judge.

In the matter of the bankruptcy of E. R. Gallimore; Clarence H. Calhoun, trustee. From an order sustaining the opposition of the Deckner-Willingham Lumber Company and others to an application by the trustee for an order requiring a state court receiver to turn over certain property (16 F.[2d] 800), the trustee appeals. This appeal was consolidated with an appeal taken by the Atlanta Flour & Grain Company and others in an equity action by them against the Deckner-Willingham Lumber Company and others. Affirmed.

William J. Davis, Jr., and A. S. Grove, both of Atlanta, Ga., for appellants.

Pearce Matthews, Grover Middlebrooks, Augustine Sams, and Geo. B. Rush, all of Atlanta, Ga. (Geo. M. Wilson and Bryan & Middlebrooks, all of Atlanta, Ga., on the brief), for appellees.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

BRYAN, Circuit Judge. Several lots of improved real estate are claimed adversely by the trustee in bankruptcy of the estate of E. R. Gallimore, bankrupt, and by a receiver of a state court. The District Judge refused to interfere with the possession claimed by the receiver, and this appeal is taken by the trustee and some of the secured creditors.

During the year 1926 Gallimore entered into a contract to purchase the lots in question from the owners, H. H. Turner and L. L. Jones. When the contracts were entered into the lots were unimproved, and Turner and Jones agreed to advance $2,500 for the purpose of building a house on each lot. Gallimore paid no part of the purchase price, and Turner and Jones retained title to secure the purchase price and the amounts advanced for improvements. These contracts were not executed, so as to be admissible to record, and were not recorded. Under them Gallimore became indebted to Turner and Jones in the sum of approximately $85,000, none of which was paid. In his building operations he purchased lumber and other material, and became indebted to materialmen in the further sum of approximately $42,000, thus mak-

ing a total indebtedness of about $127,000. These contracts constitute the entire bankrupt estate which is of any value. Gallimore's other debts amounted to $657, of which $500 was secured; so that he owed only $157 of unsecured debts.

With his affairs in this condition, on August 10, 1926, Gallimore filed his voluntary petition in bankruptcy, and was adjudged a bankrupt on the following day. A trustee was not elected until October, but in the meantime the materialmen had filed suits in a state court to enforce their liens, and charged that Gallimore was nothing more than the agent of Turner and Jones, and was only in possession for them in pursuance of a fraudulent scheme to have the claims for purchase money and advances for improvements declared to be superior to the liens of the materialmen. It was in these suits that the state court appointed a receiver, who had taken possession at the time the trustee in bankruptcy was appointed.

Evidence was taken by the District Judge sitting in bankruptcy, from which it appears that the lots in their improved condition are not worth more than the amounts owing on purchase price, advances for improvements, and materials. The District Judge held that, although exclusive jurisdiction of the bankruptcy court prevailed over the jurisdiction of the state court, there was in reality no benefit to be derived by taking possession of the lots away from the receiver of the state court.

We are of opinion that the learned district judge was right in this conclusion. The contest is really between Turner and Jones, on the one hand, and the materialmen, on the other. The bankrupt has no interest in the outcome of that contest. If he was only the agent of Turner and Jones, he does not owe anything on the lots or for material. If the contracts are valid, the property he purchased is not worth more than the secured debts against it, and will be taken from him to satisfy the liens. In either event the trustee, as representative of the small claims of unsecured creditors, could not acquire anything of value for the bankrupt estate. The District Judge was justified in refusing to take jurisdiction, because the lots were so burdened that there would be no net value left after the liens were paid off. There being only $157 at best for distribution among the unsecured creditors, the court in its discretion was not obliged to involve the trustee in the payment or assumption of liens amounting to $127,000. 2 Collier on Bankruptcy (13th Ed.) 1738. There being nothing of value to the bankrupt estate on the showing made before the District Judge, it was not error to leave the real parties at interest to contest the validity and priority of their liens before the state court.

The decree is affirmed.