## Security-Peoples Trust Co. v. Kaufhold

*Quinn, Leemhuis, Plate & Dwyer,* for petitioner.
*John A. Spaeder,* for respondent.

EVANS, P. J., November 10, 1955.—Petitioner, Forest R. Taylor, seeks an order of court permitting him to intervene as party defendant in the above entitled action.

This is a further step in litigation which in its various phases has been before the appellate courts four times. In petitioner's latest attempt to collect a judgment in the amount of $19,548.69 against Henry Kaufhold, he successfully traced funds belonging to Henry Kaufhold individually into property known as 1602-08 State Street, Erie, purchased in the name of Henry Kaufhold and Amalia Kaufhold, his wife.

On June 30, 1953, Judge Laub entered a decree, which was subsequently sustained by the court en banc, paragraph 4 of which is as follows: "In any execution entered thereunder (against 1602-8 State Street) Amalia Kaufhold shall be protected to the extent of $30,451.31 and shall be entitled as a tenant by the entireties with Henry Kaufhold to $30,451.31/$50,-000.00 of the proceeds of the sale but not less than

$30,451.31, which said figure shall include any amount due the Security Peoples Trust Company on its mortgage, which in the execution shall be considered a first lien." This mortgage is in the amount of $12,000 and recorded in Erie County Mortgage Book 381, at page 115.

Before the Supreme Court in Taylor v. Kaufhold, 379 Pa. 191, sustained the above decree, defendant, Henry Kaufhold, went bankrupt, listing as his creditors petitioner, Forest R. Taylor, and a firm of attorneys to whom he owed fees for representing him in some of these proceedings.

W. Louis Schlesinger, Esq., was appointed trustee in bankruptcy and, there being no assets which could be located other than in the real estate above referred to, he took no steps either to sell the property or disclaim it. It has been questionable as to whether or not the property could be sold for an amount which would exceed $30,451.31.

On July 25, 1955, John A. Spaeder, Esq., as attorney for Amalia Kaufhold, secured an assignment of the Security-Peoples Trust Company mortgage above referred to and entered in judgment its accompanying bond at no. 671, May term, 1955. Fi. fa. was issued on the judgment and execution issued against 1602-8 State Street. In the narr the amount due on said mortgage was averred to be $12,000, with interest from November 1, 1949. The property was advertised for sale at the November 1955, term of court by the Sheriff of Erie County. In Taylor's petition he states that if permission to intervene is granted, he will file a motion to stay the execution and petition to open the judgment, contending that at the time of assignment there was no money due on the mortgage or bond.

In our opinion Amalia Kaufhold as assignee in the name of her attorney, has all the rights of the original mortgagee to issue execution on the past due obliga-

tion, subject, of course, to the rights of the trustee in bankruptcy, which will be discussed later herein. Petitioner will suffer no financial loss for the reason that whatever amount is recovered on the mortgage is applicable to and will reduce the amount of $30,451.31 as fixed by the decree of June 30, 1953, above recited. It would appear that petitioner has the choice of two alternatives, either to bid the property to an amount which will secure to him the property involved, or secure to him the proceeds of the sale in any amount which will exceed $30,451.31, or at his option to purchase the mortgage by tendering the amount thereof with interest and costs and demand an assignment thereof: Hopkins Manufacturing Company v. Ketterer, 237 Pa. 285.

As contended by the assignee of said mortgage, there must be some way of bringing this complicated situation to a head. She and her husband cannot conclude a sale of this property at the present time at a price satisfactory to them but less than $50,000. It is admitted that such a price is not obtainable at this time. They cannot safely repair or make alterations to preserve the present value of the property and be protected in so doing. We do not feel that this interest by entireties, even though it involves a part ownership by the judgment debtor, can be jeopardized in its value by this petitioner merely holding his lien and doing nothing about it. It is represented that a sale on this lien will be prosecuted forthwith by petitioner, but that will merely postpone for a short time what is now being done and at an additional cost. He will be in the same position with respect to the collectibility of that portion of the property value which is subject to his lien.

As to the rights of the bankruptcy court we find in volume 4, p. 1219, of Collier on Bankruptcy, the statement that since the statute is silent as to the right

to abandon property (other than in situations not present here), it is naturally unresponsive to any inquiry as to what constitutes abandonment and what a trustee must do in order to disclaim the property. There is some authority for the proposition that a formal act is not absolutely essential and that any clear manifestation of the trustee's intent to disclaim will suffice. It is better practice, however, to secure an express order of court. Such procedure offers appreciable practical advantage of eliminating controversy over the implications of the trustee's inaction. We should also note that reference is made to the possibility of local bankruptcy rules, which provide that an order of abandonment must be secured.

In re Gallimore, 21 F. 2d 999, is to the effect that where there are no apparent assets recoverable to the trustee over and above liens on real estate, the Federal court will not take the matter from control of a State court receiver. In our opinion that rule would equally apply to the situation here in which there are two creditors with liens to the value of the property, irrespective of whether or not a receiver for these creditors had been appointed by a State court.

At any rate this sale has been postponed until Friday, November 18, 1955, within which time petitioner may be able to have determined, by proper petition filed in the bankruptcy proceedings, the question as to whether or not the trustee in bankruptcy will disclaim. The attorney for the trustee has indicated that a disclaimer will be filed if any of the parties here involved seek such an order. However, it is not necessary for us to determine what result will be obtained in the Federal court.

And now, to wit, this November 10, 1955, the petition of Forest R. Taylor to join as a party defendant in the above entitled action filed November 3, 1955, is refused.