## Mellon Bank v. Joseph

*Thomas E. Riley*, for plaintiff.

*R. Dell Ziegler,* for defendants James H. Joseph & Barbara S. Joseph.

MARKER, *J.*, July 27, 1981—This matter comes before this honorable court en banc as a result of the

Mellon Bank, N.A., filing a motion for summary judgment based upon the pleadings. A history of the case is warranted.

On July 31, 1972, James H. Joseph and Carol H. Joseph, then husband and wife, executed and delivered to plaintiff, Mellon Bank, N.A., a mortgage on property owned by them in Westmoreland County, Pennsylvania. In 1976, during divorce settlement negotiations involving the Josephs, James H. Joseph approached Mellon Bank, N.A., with regard to obtaining an assignment of the mortgage to himself. Mellon Bank, N.A. has declined to comply with said request. When payments on the mortgage obligation fell into arrears, Mellon Bank, N.A. brought an action of mortgage foreclosure against James H. Joseph and Carol H. Joseph at No. 3964 of 1976. Subsequently, Mellon Bank, N.A. obtained a default judgment against Carol H. Joseph at said number and term. Defendant, James H. Joseph filed an answer, new matter and three counter-claims at said action, all of which were stricken by the court without leave to amend. Said action was subsequently appealed. The Superior Court affirmed the striking of the counter-claims and remanded the case for further action with regard to procedural matters and not on the substantive rights and duties of parties. James H. Joseph then filed a first amended answer and new matter to the complaint.

James H. Joseph subsequently remarried and conveyed his interest in the mortgaged premises to himself and to his second wife, Barbara S. Joseph. Thereafter, Mellon Bank, N.A. instituted an action in Mortgage Foreclosure against Barbara S. Joseph at No. 6858 of 1978. Said Action has been consolidated with the foreclosure action against the original mortgagors, James H. Joseph and Carol H. Joseph. Barbara S. Joseph filed an answer, new matter

and counter-claim. By stipulation of the parties, the counter-claim has been withdrawn. Plaintiff then filed a motion for summary judgment based upon the pleadings, and an affidavit of the balance due, which is now before the court.

The provisions for the entry of a summary judgment are found at Pa. R. C. P. 1035. The purpose of the motion is to expedite the trial of the matter. Phaff v. Gerner, 451 Pa. 146, 303 A.2d 826 (1973). If no genuine issue of fact exist then the moving party is entitled to a judgment as a matter of law, the court may enter judgment in favor of the moving party. Bollinger v. Palmerton Area Communities Endeavors, Inc., 241 Pa. Super. 341, 361 A.2d 676 (1976). The court is required to review the pleadings and affidavits in support of the Motion in a light most favorable to the nonmoving party. Shamey v. State Farm Mutual Automobile Insurance Company, 229 Pa. Super. 215, 331 A.2d 498 (1974).

The record in this matter supports plaintiff's position that there is no dispute to the fact that payments have not been made in accordance with the terms of the mortgage. It appears that the defendants deny default based upon an alleged continuing tender to pay full balance of the mortgage upon assignment of the mortgage to defendant or defendant's designee. The crux of the matter before this court is whether defendant's alleged tender conditioned upon assignment of the mortgage by the plaintiff constitutes a defense to plaintiff's foreclosure.

Tender is defined as an unconditional offer to pay money or deliver property by producing the same and expressing a willingness to transfer possession. Appeal of Forest Oil Company, 118 Pa. 138, 12 At. 442 (1882):

"It is the act by which one produces or offers to a person holding a claim or demand against him, the amount of money which he considers and admits to be due, in satisfaction of such claim or demand without any stipulation or condition." 86 C.J.S. Tender, § 1.

The Superior Court in its decision remanding this case for further action commented on the lack of specificity relative to the alleged tender contained in the original answer filed by defendant James H. Joseph. The Superior Court was of the opinion that although the tender appeared to be insufficiently specific, the defendant should have been given the opportunity to amend his answer.

This court believes that the first amended answer of defendant, which is presently before this court, fails to sufficiently and specifically plead a tender. In reviewing defendant's pleadings relative to tender in a light most favorable to the defendant, this court is of the opinion that the averments at best indicate that defendant discussed the payment of the full balance of the mortgage with the plaintiff, Mellon Bank, N.A. Such allegations may constitute a conditional offer or negotiations relative to the satisfaction of the mortgage, but do not constitute a tender. It is clear that the alleged tender was not unconditional as required. Using the defendant, James H. Joseph's own terms, he avers that he repeatedly — "tendered full payment of the mortgage . . . upon assignment of the mortgage to himself or his designee." (First Amended Answer of defendant, James H. Joseph, paragraph 8)

The imposition of the condition of assignment to the defendants' offer to pay the full balance due under the mortgage, defeats their averment of tender. In most cases, tender to be effective, must be absolute and unconditional. Goldman v. Litman, 68

D.&C. 313 (1949); P.L.E. Tender, §5. However, tender is not invalidated by the imposition of conditions if the person making tender has a right to insist upon the condition and the recipient of the tender cannot reasonably object to the condition. Leafgreen v. Labar, 280 Pa. 215, 124A. 443 (1924). In certain circumstances, the holder of property encumbered by a mortgage may, by tendering the full amount, require assignment of the mortgage. 21 P.S. §733. However, in the situation before the Court, it is believed that it would be necessary that the pleadings contain an averment of Carol H. Joseph to the effect that she joined or consented to the alleged tender and requested assignment to James H. Joseph and/or his designee in order for James H. Joseph to seek relief under Sections 21 P.S. 733 and 734. Our Courts have consistently read Sections 733 and 734 together, holding that no assignment is required unless all parties holding an interest in the mortgaged premises at least assent to the requested assignment. Sheaffer v. Baeringer, 346 Pa. 32, 29 A.2d 697 (1943); Kiedaisch v. Elkins Park Bank, 325 Pa. 241 (1937); Green v. Second Allegheny Building Association, 311 Pa. 305 (1933).

The decision cited in the Superior Court's decision holding that lack of consent at the time of tender was not an adequate reason for a mortgagee to refuse assignment is clearly distinguishable. Fitzpatrick v. Influential Building and Loan Ass'n., 36D.&C. 206 (1940). In the Fitzpatrick case, the court found as a matter of fact that the second mortgagee had assented to the assignment, but had not joined as a party in the proceedings to compel the assignment. Therefore, the court decided that joinder of the second mortgage was not necessary. However, there has been no allegation of consent or assent of Carol H. Joseph to the assignment to James H. Joseph and/or his designee.

Additionally, it appears that defendant believes that he is entitled to condition tender upon assignment of the mortgage based upon the provisions of 12 P.S. 808. Section 808 deals with the contribution between joint defendants. It provides a means for one of several joint judgment debtors, each of whom own real property subject to the lien of a judgment, to obtain contribution from the other judgment debtors. There is no requirement in this Section that the judgment creditor assign its judgment even upon tender of payment. Rather, the statute states . . .

"and if the plaintiff refuses to accept his debt and make such assignment of his judgment, the execution thereupon in the hands of the plaintiff shall be controlled and directed by the court as to subserve said rights and equities."

Section 808 does not provide defendants James H. Joseph and Barbara S. Joseph with the right to impose assignment as a condition to payment in full. Rather, assignment of mortgages upon tender is the subject of 21 P.S. 733 and 734, which has already been discussed in this opinion. Said sections would require the assent or joinder of all parties interested in the mortgaged premises. As previously stated, Carol H. Joseph has not assented to the assignment of the mortgage to James H. Joseph and/or his designee. The purpose of Section 808 is to provide a procedure for the defendants to establish their relationship and to permit the court to control plaintiff's execution to obtain an equitable contribution from the various defendants to the satisfaction of plaintiff's judgment. Such statute cannot serve as a basis for defense in an action of mortgage foreclosure, but may serve as a basis for defendants James H. Joseph and Barbara S. Joseph to seek contribution from defendant Carol H. Joseph, for payments made on the

mortgage. This is not the subject of the matter now before the court. Section 808 does not provide defendants with a basis for conditioning their alleged tender upon the assignment of the mortgage.

Therefore, this court shall enter summary judgment for plaintiff.

### ORDER

And now, this July 27, 1981, it is hereby ordered, adjudged and decreed that summary judgment be entered in the above matters in favor of Mellon Bank, N.A., and against defendants, James H. Joseph and Carol H. Joseph, and Barbara S. Joseph.